IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

LESLIE ANNA CROWELL                                              PETITIONER
ADC # 715194

  V.     Case No. 2:19-cv-02059-PKH-MEF

WENDY KELLEY, Director,
Arkansas Department of Correction                               RESPONDENT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody filed on September 27, 2018 by Petitioner, Leslie Anna Crowell ("Crowell"). (ECF No. 1). The Petition was initially filed in the United States District Court for the Eastern District of Arkansas, and the case was transferred to the Western District of Arkansas on December 10, 2018. (ECF No. 6). A response was filed by Respondent on March 28, 2019. (ECF No. 13). Crowell filed a reply on April 26, 2019. (ECF No. 14). The matter is ready for Report and Recommendation.

### I. Background

Crowell was charged in the Circuit Court of Sebastian County, Arkansas with Delivery of Hydromorphone, in violation of A.C.A. § 5-64-426(c)(1), and maintaining a drug premises within 1,000 feet of a church, in violation of A.C.A. § 5-64-402(a)(2) & (b)(2), arising from events that occurred on October 25, 2016. (ECF No. 13-2). A jury found Crowell guilty of both offenses, and on June 29, 2017 she was sentenced to a concurrent term of 10 years in the Arkansas Department of Correction. (*Id.*).

Crowell appealed her conviction to the Arkansas Court of Appeals. Her appellate counsel

-1-

filed a no-merit brief pursuant to *Anders v. California*, 386 U.S. 738 (1967).  (ECF No. 13-3).

Crowell submitted her pro se points for reversal on March 13, 2018.  (ECF No. 13-4).  She asserted

that her first plea offer was two years with eight years suspended, but her counsel "informed me he

wanted to take it to trial"; that "I had a good chance of winning my case"; that "[h]e told me I

shouldn't have to do any prison time"; that she was "never informed of the extensive sentence I

would receive if I took it to trial"; that "[m]y attorney said the most I would have to do was 18

months"; and, "[t]hat is the only reason I agreed to go to trial."  (*Id.*, pp. 1-2).  She admitted "I

committed the delivery charge and I am willing to accept my consequences for the actions I have

made," but she argued a sentence of 10 years was unreasonable.  (*Id.*, p. 2).  The Arkansas Court of

Appeals affirmed Crowell's conviction in an opinion delivered on August 19, 2018.  *Crowell v.

State*, 2018 Ark. App. 386, 2018 WL 4101667.  The Court of Appeals concluded that Crowell's pro

se points either were not preserved for appellate review or did not support reversal.

Crowell did not file a petition for post-conviction relief under Rule 37 of the Arkansas Rules

of Criminal Procedure in the trial court.

Crowell filed the instant Petition under § 2254 on September 27, 2018.  (ECF No. 1).  She

alleges four grounds for relief:

(1) she was never offered a plea nor sentenced as a first-time offender (ECF No. 1, pp. 5-6);

(2) ineffective assistance of counsel for failing to inform her of her rights as a first-time

offender; for persuading her not to accept a plea offer and take the case to trial, while assuring her

that she would only do 18 months if any time at all; and, failing to raise an objection during trial to

evidence of her personal life (*Id.*, pp. 6-8);

(3) violation of her privacy rights when an informant entered her home and video and audio

recorded the drug transaction that occurred in the home (*Id*., pp. 8-9); and,

(4) illegal arrest, because she wasn't involved in the drug transaction (*Id*., pp. 9-10).

## II. Discussion

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall be entertained only on the ground that the petitioner is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a). Before seeking federal habeas review, a state prisoner must exhaust available state remedies, giving the state the opportunity to correct alleged violations of prisoners' federal rights, "which means he must 'fairly present' his claim in each appropriate state court to alert that court to the claim's federal nature." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); 28 U.S.C. §§ 2254(b) and (c) (requiring state prisoner seeking federal habeas relief to exhaust all remedies available in the state courts). When a habeas petitioner fails to raise his federal claims in state court, he deprives the state of "an opportunity to address those claims in the first instance" and frustrates the state's ability to honor his constitutional rights. *Cone v. Bell*, 556 U.S. 449, 465 (2009) (quoting *Coleman v. Thompson*, 501 U.S. 722, 732 (1991)). Therefore, when a habeas petitioner defaults his federal claims by failing to raise them in state court in compliance with the relevant state procedural rules, federal habeas review is barred unless the petitioner can demonstrate "cause" for the default and "actual prejudice" as a result of the alleged violation of federal law, or alternatively, demonstrate that failure to consider his claims will result in a fundamental miscarriage of justice. *Id*.; *Coleman*, 501 U.S. at 750.

A thorough review of Crowell's petition and the record in this case conclusively shows that Crowell has inexcusably procedurally defaulted her ineffective assistance of counsel claims; her claim regarding first-time offender status is not cognizable in this action; and, her claims of violation

of privacy and illegal arrest are barred.  The denial and dismissal of Crowell's petition in its entirety with prejudice without an evidentiary hearing is recommended.

## A.  Timeliness

A one year period of limitation applies to petitions brought under 28 U.S.C. § 2254.  This period runs from the latest of: (1) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (2) the date on which the impediment to filing an application created by state action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such governmental action; (3) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or, (4) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.  28 U.S.C. § 2244(d)(1).

Crowell's direct appeal was decided by the Arkansas Court of Appeals on August 19, 2018.  The instant petition was filed on September 27, 2018, well within the one-year limitations period.

## B.  First Time Offender Claim

For her first ground for relief, Crowell alleges that she had not been previously arrested for anything, and "I was never offered a plea nor sentenced as a first time offender."  (ECF No. 1, p. 5).

Regarding probation for first time offenders in Arkansas, A.C.A. § 16-93-303(a)(1)(A)(i) provides:

> When an accused enters a plea of guilty or nolo contendere prior to an adjudication of guilt, the circuit court or district court, in the case of a defendant who previously has not been convicted of a felony,

-4-

> without making a finding of guilt or entering a judgment of guilt and with the consent of the defendant, may defer further proceedings and place defendant on probation for a period of not less than one (1) year, under such terms and conditions as may be set by the circuit court or district court.

Upon fulfillment of the terms and conditions of probation, the defendant shall be discharged without court adjudication of guilt, whereupon the court shall enter an appropriate order that shall effectively dismiss the case, discharge the defendant, and seal the record. A.C.A. § 16-93-303(b).

That Crowell was not offered a plea or sentenced as a first time offender does not raise a cognizable habeas corpus claim. Crowell has no constitutional right to a plea bargain. *Missouri v. Frye*, 566 U.S. 134, 148 (2012) (citing *Weatherford v. Bursey*, 429 U.S. 545, 561 (1977)).

Crowell was sentenced to 10 years imprisonment pursuant to A.C.A. § 5-64-411(a)(1)(B) and (a)(2)(H). (ECF No. 13-2, p. 1). Sentencing claims involving an issue of state law are not cognizable in federal habeas corpus proceedings unless the sentence imposed was outside statutory limits, wholly unauthorized by law, or amounts to an arbitrary or capricious abuse of discretion. *Haynes v. Butler*, 825 F.2d 921, 924 (5th Cir. 1987) (citations omitted), *cert. denied* 484 U.S. 1014 (1988). Because she was sentenced within the statutory range, Crowell has no cognizable sentencing claim.

Accordingly, Crowell's first ground for relief should be denied and dismissed.

### C. Procedural Default of Ineffective Assistance of Counsel Claims

For her second ground for relief, Crowell raises several claims of ineffective assistance of counsel. (ECF No. 1, p. 6). She claims: (a) her attorney failed to inform her of any rights she had as a first time offender; (b) her attorney persuaded her not to accept a plea offer and to take the case to trial, assuring her that she would only do 18 months if any time at all; and, (c) her attorney did not

raise the proper objection during trial regarding evidence of Crowell's personal life.  (*Id*.).[1]

For ineffective assistance of counsel claims, the required procedure in Arkansas is set forth in Rule 37 of the Arkansas Rules of Criminal Procedure.  *See Carrier v. State*, 278 Ark. 542, 543, 647 S.W.2d 449, 450 (1983) ("The proper remedy to challenge the adequacy of an attorney's representation is a petition for post-conviction relief under Ark. R. Cr. P. Rule 37.").

Crowell had 60 days from the date of the decision of the Arkansas Court of Appeals to bring her ineffective assistance of counsel claims under Rule 37.  Ark. R. Cr. P. 37.2(c)(ii).  Crowell never filed a petition for post-conviction relief in state court pursuant to Rule 37, and the time for doing so has now expired.  As a result, her claims of ineffective assistance of counsel are procedurally defaulted, and federal habeas review is barred unless Crowell can establish cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.  *Coleman*, 501 U.S. at 750. The Court may also consider procedurally defaulted claims if the petitioner shows a "colorable claim of factual innocence."  *Sawyer v. Whitley*, 505 U.S. 333, 339 (1992).

Cause requires a showing of some impediment, external to the petitioner's defense and not fairly attributable to him, preventing him from constructing or raising his claims in state court or complying with the state's procedural rules.  *Coleman*, 501 U.S. at 753.  If no cause has been shown, the prejudice element need not be addressed.  *McCleskey v. Zant*, 499 U.S. 467, 502 (1991).

Crowell has not alleged any cause for her failure to file a Rule 37 petition for post-conviction relief in the trial court.  (ECF Nos. 1, 14).  She offers no explanation for not pursuing post-conviction

---

[1] In her Reply, Crowell also asserts that her counsel was ineffective by admitting her guilt, failing to cross-examine the witnesses about the controlled buy, and failing to move for a directed verdict.  (ECF No. 14, p. 1).

relief in state court.  (ECF No. 1, pp. 5-6, 7-8, 8-9, 10-11).  Regarding her ineffective of assistance of counsel claims, she alleges only "I feel that I've exhausted on this ground."  (*Id.*, p. 6).

In effect, Crowell claims ignorance of her right to pursue post-conviction relief under Rule 37.  The law is clear, however, that a petitioner's pro se status, limited education, below-average intelligence, or any unfamiliarity with the intricacies of the law or legal procedure are not sufficiently *external* to constitute cause overcoming a procedural default.  *Cornman v. Armontrout*, 959 F.2d 727, 729 (8th Cir. 1992); *Stanley v. Lockhart,* 941 F.2d 707, 710 (8th Cir. 1991); *McKinnon v. Lockhart,* 921 F.2d 830, 832 n. 5 (8th Cir. 1990); *Vasquez v. Lockhart,* 867 F.2d 1056, 1058 (8th Cir. 1988); and, *Smittie v. Lockhart,* 843 F.2d 295, 298 (8th Cir. 1988).  In *Morris v. Norris*, 83 F.3d 268 (8th Cir. 1996), the Eighth Circuit specifically rejected a habeas petitioner's argument that there was cause for his procedural default because his trial/appellate counsel failed to advise him of Arkansas' Rule 37 post-conviction remedy and its restrictive time limits.  Crowell makes no such allegation here, nor does she allege any other external impediment which prevented her from filing a Rule 37 petition.  Thus, Crowell has not demonstrated cause for her failure to seek relief in state court under Arkansas' post-conviction remedies.  At the time of her conviction, the law was unambiguous, firmly established, and regularly applied regarding the availability of Rule 37 and its time limitations, and Crowell was expected to comply with the applicable law in order to preserve her claims for federal habeas review.

The Supreme Court has held that cause may be established through post-conviction counsel. *Maples v. Thomas*, 565 U.S. 266 (2012) and *Martinez v. Ryan*, 566 U.S. 1 (2012).  The unusual circumstances of *Maples* – abandonment of a petitioner by his post-conviction counsel, without notice to the petitioner, and resulting in the petitioner's failure to file a timely appeal in the post-

conviction proceeding – constituted cause for that failure. *Maples*, 565 U.S. at 289. In *Martinez*, the Supreme Court fashioned a narrow exception to *Coleman, supra*, concluding that "[i]nadequate assistance of counsel [or the absence of counsel] at initial-review collateral proceedings ... establish[es] cause for a prisoner's procedural default of a claim of ineffective assistance at trial." *Martinez*, 566 U.S. at 9.

These Supreme Court decisions do not support a finding of cause here, however, because Crowell never filed an initial post-conviction proceeding as required by Rule 37 and, therefore, there is no conduct of counsel, or an absence of counsel, in such a proceeding to consider as a cause. *See Trust v. Larkin*, No. 4:09-CV-1101, 2012 WL 4479088, at *8 (E.D. Mo. July 20, 2012), report and recommendation adopted by, 2012 WL 4480719 (E.D. Mo. Sept. 28, 2012); *Anderson v. Koster*, No. 11-1227-CV-W-GAF-P, 2012 WL 1898781, at *9 (W.D. Mo. May 23, 2012) ("*Martinez* is inapposite because, here, petitioner himself is at fault for not filing a pro se [post-conviction] motion in the first place"); *Bland v. Hobbs*, No. 5:11-CV-286, 2012 WL 2389904, at *3 n. 5 (E.D. Ark. June 12, 2012) (failure to file a state post-conviction petition prevents application of the *Martinez* exception), report and recommendation adopted by, 2012 WL 2874118 (E.D. Ark. July 13, 2012); *Castillo v. Ryan*, 2013 WL 3282547, at *5 (D. Ariz. June 28, 2013) (having never filed an "of right" post-conviction proceeding, petitioner never had an "of right" post-conviction attorney, and "now there is no one to shoulder the blame for his default"); *Cook v. Smith*, No. 1:12-CV-00281-BLW, 2013 WL 2458531, at *6-7 (D. Idaho June 6, 2013) (choosing to forego filing a post-conviction relief petition does not fall within the narrow exception established in *Martinez*); *Lutz v. Valeska*, No. 1:10CV950-TMH, 2014 WL 868870, at *5 (M.D. Ala. March 5, 2014) (petitioner's case "is not controlled by *Martinez* and *Trevino* because [he] *never* filed or sought to file a postconviction action

in state court") (emphasis in original); and, *Jones v. Penn. Bd. of Probation and Parole*, 492 F. App'x 242, 246 (3rd Cir. 2012) (unpublished), *cert. denied*, 133 S.Ct. 1316 (Feb. 19, 2013) (procedural default cannot be excused where petitioner failed to initiate any state collateral proceeding at all).

As the court noted in *Jones*, "[t]he Supreme Court was adamant that its holding in *Martinez* created a 'limited' and 'narrow' exception to the rule established in *Coleman*," and "[w]ere it otherwise, the *Martinez* rule could potentially apply to any defendant who failed to petition for state collateral review." *Jones*, 492 F. App'x at 246-47.

Because no cause has been established for Crowell's procedural default, it is unnecessary to consider whether she has demonstrated prejudice. *Abdullah v. Groose*, 75 F.3d 408, 413 (8th Cir. 1996) (en banc); *McCleskey, supra*.

Crowell has not alleged or demonstrated adequate cause for failing to raise her ineffective assistance of counsel claims in a timely Rule 37 proceeding in state court. Nor has she alleged or shown actual innocence to support a fundamental miscarriage of justice argument; to the contrary, she admitted her culpability in her pro se points for reversal presented to the Arkansas Court of Appeals. (ECF No. 13-4, p. 2).

Accordingly, Crowell's ineffective assistance of counsel claims are inexcusably procedurally defaulted, and this Court is barred from considering them. Crowell's second ground for relief should be denied and dismissed.

### D. Violation of Privacy Claim

Crowell next alleges that her privacy rights were violated when an informant entered her home wearing hidden audio and video recording equipment and "recorded the going on in my home

when I personally was not the person under investigation." (ECF No. 1, p. 8).  To the extent Crowell is asserting a Fourth Amendment violation, the Respondent argues the claim is barred under *Stone v. Powell*, 428 U.S. 465 (1976).  The undersigned agrees.

"[W]here the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Stone*, 428 U.S. at 494.

Thus, a state prisoner is precluded from asserting a Fourth Amendment claim as a basis for federal habeas relief unless he can demonstrate that the state courts did not afford him a full and fair opportunity to litigate the claim.  *Id.*; *Palmer v. Clarke*, 408 F.3d 423, 437 (8th Cir. 2005); *Willett v. Lockhart*, 37 F.3d 1265, 1270 (8th Cir. 1994) (en banc).

The Eighth Circuit has a two-part test to determine whether a habeas petitioner has had an opportunity for a full and fair litigation of a Fourth Amendment claim in state courts.  *Willett*, 37 F.3d 1273.  A Fourth Amendment claim is barred from federal habeas review under *Stone v. Powell* unless: (1) the State provided no procedure by which the petitioner could raise his Fourth Amendment claim, or (2) the petitioner was foreclosed from using that procedure because of an unconscionable breakdown in the system.  *Willett*, 37 F.3d at 1273.

The first prong of the *Willett* test is satisfied here because Arkansas has a procedure by which Crowell could raise her Fourth Amendment claim.[2]  Arkansas Rule of Criminal Procedure 16.2(a)(2) (2018) specifically provides that motions to suppress allegedly illegally seized evidence may be

---

[2] Indeed, the Eighth Circuit in *Willett* commented that it was unaware of any state that does not have such a procedure.  *Willett*, 37 F.3d at 1272.

-10-

based upon a claim that evidence was gathered in recorded conversations by means of eavesdropping. As for the second prong, Crowell has neither alleged nor shown that an unconscionable breakdown in the system prevented her from raising her Fourth Amendment claim in state court.

"The federal courts on habeas review of such claims are not to consider whether full and fair litigation of the claims *in fact* occurred in the state courts, but only whether the state provided an opportunity for such litigation." *Willett*, 37 F.3d at 1273. As former Chief Judge Richard S. Arnold observed in his concurring opinion in *Willett*, it is the "opportunity for full and fair litigation" that is important. *Id*. (citation and internal quotation marks omitted).

Because the State of Arkansas afforded Crowell a full and fair opportunity to litigate her Fourth Amendment claim, her violation of privacy claim is not cognizable in this federal habeas corpus proceeding. Crowell's third ground for relief should be denied and dismissed.

### E.  Illegal Arrest Claim

Crowell's final ground for relief is her claim that she was illegally arrested. (ECF No. 1, p. 9). She questions why she was arrested when "I wasn't involved in a transaction." (*Id*.). This claim is also barred under *Stone v. Powell, supra*.

The *Stone* rule applies to all claims arising under the Fourth Amendment, including claims of illegal arrest. *See, e.g., Cardwell v. Taylor*, 461 U.S. 571, 572 (1983) (per curiam) (arrest); *Carlson v. State*, 945 F.2d 1026, 1028 (8th Cir. 1991) (arrest); *Barber v. Kelley*, 2018 WL 401821, at * 7 (E.D. Ark. Jan. 12, 2018) (arrest). And, an illegal arrest, without more, has never been viewed as a bar to subsequent prosecution, nor as to a valid conviction. *Gerstein v. Pugh*, 420 U.S. 103, 119 (1975).

-11-

Crowell's fourth and final ground for relief should be denied and dismissed.

### III. Conclusion

For the reasons and upon the authorities discussed above, Crowell's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (ECF No. 1) should be **DISMISSED with PREJUDICE**.  Further, as Crowell has not made a substantial showing of the denial of a constitutional right, a certificate of appealability should be denied.  28 U.S.C. § 2253(c)(1)(A)-(2); Rule 11, Rules Governing § 2254 Cases in the United States District Courts.

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely written objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 20th day of June 2019.

/s/ Mark E. Ford
HONORABLE MARK E. FORD
UNITED STATES MAGISTRATE JUDGE